IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE DALE, # 50988-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-14-816<br>Related Crim. Case RDB-10-144 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Pending is self-represented petitioner Tyrone Dale's Motion to Vacate, Set Aside or Correct. (ECF 163). The government, by its counsel, filed an opposition seeking dismissal of the Petition as time-barred. (ECF 165). Dale replied with supporting attachments. (ECF 175).

### FACTUAL BACKGROUND

On September 21, 2011, Dale was sentenced to a 180-month term of imprisonment after a jury found him guilty of interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. §1951; possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and possession and brandishing of a short barreled shotgun in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Dale's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on October 4, 2012. Dale petitioned for a writ of certiorari, which was denied by the Supreme Court on January 14, 2013.

On January 3, 2014, Dale moved to compel his attorney to produce certain documents. On February 3, 2014, Dale moved for the production of certain documents and requested resentencing. (ECF 157). On February 20, 2014, the Court dismissed Dale's motion to compel and directed him to specify whether he wanted his February 3, 2014 filing to be treated as a

Motion under 28 U.S.C. § 2255. (ECF 160). On March 10, 2014 Dale moved the Court not to treat his earlier filing as a motion under § 2255, and the Motion was dismissed without prejudice. (ECF 161, 162). On March 18, 2014, Dale filed this Motion to Vacate. (ECF 163).

## DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner shows "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...."

### A. LIMITATIONS PERIOD

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). Under § 2255(f), limitations runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. The one-year period may be equitably tolled. *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) *(en banc)* (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (en banc)).

Dale"s conviction became final for the purpose of the limitations period set forth at 28 U.S.C. § 2255(f) on January 14, 2014, one year after his Petition for Writ of Certiorari was denied. Dale's Motion to Vacate, however, was not filed until March 18, 2014. Notably, even if this Court were to deem Dale's February 3, 2014, filing as a Motion to Vacate under § 2255, that filing was also submitted outside of the one-year limitation period.

## B.  EQUITABLE TOLLING

Equitable tolling is available in "'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation against the party.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (additional citations omitted); *see United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010). For relief under principles of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 634, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Dale attributes his filing delay to a self-reported mental impairment and appellate counsel's failure to apprise him of the one-year limitations period. (ECF 175). Apart from Dale's conclusory assertion that he has low intelligence and suffered a head injury, which he claims should have prompted his counsel to seek an independent mental health evaluation for him, Dale provides no evidence of mental impairment. Moreover, he fails to explain how this purported impairment caused his filing delay.[1]

Further, appellate counsel's alleged failure to alert Dale to the one-year limitation provides no grounds for equitable tolling. Typically, ineffective assistance of counsel does not

---

[1] Dale's *pro se* correspondence and motions filed in this Court after his conviction was affirmed on appeal belie the suggestion that mental impairment prevented him from filing a timely motion. *See e.g.* ECF 154, 155, 156, 157, 158, 161.

3

warrant equitable tolling. See *Holland*, 560 U.S. 651–51; *Harris v. Hutchinson*, 209 F.3d 325, 328, 331 (4th Cir. 2000) (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition). A petitioner's lack of familiarity with the law is not generally considered an extraordinary circumstance warranting equitable tolling. See *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling). In sum, Dale neither asserts, nor do the pleadings suggest, circumstances to justify equitable tolling of the limitations period.

## CERTIFICATE OF APPEALABILITY

The Petition will be dismissed as untimely for the above stated reasons. Under Rule 11(a) of the Rules Governing Proceedings under Section 2255, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. Dale does not satisfy this standard, and the Court declines to issue a Certificate of Appealability.

## CONCLUSION

This Court finds the Motion to Vacate, Set Aside or Correct is untimely, and that there are no grounds to apply equitable tolling. Accordingly the Motion will dismissed by separate Order to follow.

July 16, 2015
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE